# NOS. 12-09-00285-CR
# 12-09-00286-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CITERIKA SHAY CALDWELL,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*
### *PER CURIAM*

Citerika Shay Caldwell appeals her convictions for burglary of a habitation and credit card or debit card abuse. Appellant's counsel has filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

### BACKGROUND

Appellant pleaded guilty to the offenses of burglary of a habitation and credit card or debit card abuse.[1] As charged, the burglary offense was a second degree felony, and the credit card or debit card abuse offense was a state jail felony. Appellant entered into a plea agreement with the State in which she received a sentence of ten years of imprisonment for the burglary offense and two years of confinement in a state jail for the credit card case. Pursuant to the agreement, those sentences would be suspended, and Appellant would be placed on community supervision.

---

[1] *See* TEX. PENAL CODE ANN. §§ 30.02(c)(2), 32.31(d) (Vernon 2003 & Supp. 2009).

The trial court accepted the plea agreement and sentenced Appellant on November 19, 2008. On July 2, 2009, the State filed a motion alleging that Appellant had failed to adhere to the conditions of her community supervision and asking the trial court to revoke her suspended sentence. The trial court held a hearing on the State's motion. The State abandoned three of the allegations in each of the petitions. Appellant pleaded true to the remaining allegations in the State's motion including the allegations that she failed to pay various fees, associated with a felon, left the county, and consumed a controlled substance. The trial court found those allegations to be true, revoked the previously suspended sentence, and sentenced Appellant to imprisonment for eight years on the burglary charge and confinement for fifteen months on the credit card charge. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*. Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal. *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988). We have likewise reviewed the record for reversible error and have found none.

### CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby *granted*, and we *dismiss* this appeal. *See In re Schulman*, 252 S.W.3d at 408–09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the

opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 21, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)